FILED

FEB 2 6 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| FREDDIE DOUGLAS HODGES | § | CIVIL ACTION NO. _____ |
| | § | |
| V. | § | DR10CA015 AML/VRG |
| | § | |
| DISCOVER PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, AND | § | |
| DISCOVERY MANAGERS, LTD., AND | § | |
| ACIG INSURANCE AGENCY, INC., | § | |
| AND AIM ASSOCIATION INSURANCE | § | |
| MANAGEMENT, INC., AND U.S. RISK, | § | |
| INC., AND DENNIS CARTER DOWD, | § | |
| AND ELGIN ALLEN | § | JURY DEMANDED |

## DEFENDANT DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

Defendant Discover Property & Casualty Insurance Company ("Defendant") files this Notice of Removal of Cause No. 09-10-12082-ZCV, styled *Freddie Douglas Hodges v. Discover Property & Casualty Insurance Company, and Discovery Managers, Ltd., and ACIG Insurance Agency, Inc., and AIM Association Insurance Management, Inc., and U.S. Risk, Inc., and Dennis Carter Dowd, and Elgin Allen, Jr.*, and now styled by Plaintiff as *Freddie Douglas Hodges v. Discover Property & Casualty Insurance Company, and Discovery Managers, Ltd., and Enterprise Rent-A-Car Company of Texas, and Enterprise Leasing Company – Southwest, and Enterprise Rent-A-Car, Inc.*, and filed in the 293rd Judicial District Court of Zavala County, Texas, to the United States District Court for the Western District of Texas, Del Rio Division, pursuant to 28 U.S.C. §§ 1332 and 1441(b). Defendant shows the Court as follows:

**I.   INTRODUCTION**

1. Plaintiff is Freddie Douglas Hodges. The Defendants named in the lawsuit are Discover Property & Casualty Insurance Company; Discovery Managers, Ltd.; Enterprise Rent-A-Car Company of Texas; Enterprise Leasing Company – Southwest; and, Enterprise Rent-A-Car, Inc. *See* Plaintiff's First Amended Petition.

2. On October 23, 2009, Plaintiff filed his Original Petition in the 293rd Judicial District Court of Zavala County, Texas, alleging a multiple vehicle accident wherein Plaintiff's wife, Lisa McGarity Hodges, died in an auto accident that occurred in San Antonio, Bexar County, Texas. *See* Plaintiff's Original Petition. Lisa McGarity Hodges was in a rental car that she had rented from Enterprise Rent-A-Car Company of Texas (whose successor is EAN Holdings, LLC). *See id.* The Plaintiff seeks uninsured/underinsured ("UM/UIM") benefits against Defendant. *See id.*

3. Defendant did not issue a policy of insurance to Plaintiff as a named insured, additional insured or beneficiary. Defendant issued its insurance policy to various Enterprise entities as the insured. *See* Exhibit 1, Affidavit of Frieda Whitaker. Months before the rental and the accident, the Enterprise insured rejected UM/UIM coverage in Texas. *See* Exhibit 1B, UM/UIM Rejection. Plaintiff filed suit against this Defendant for damages for breach of contract, deceptive trade practices, and unfair settlement practices regarding his claim for UM/UIM coverage. *See* Plaintiff's First Amended Petition.

4. In his Original Petition, Plaintiff filed suit against this Defendant, Discovery Managers, Ltd. and also five Texas Defendants: ACIG Insurance Agency, Inc.; AIM Association Insurance Management, Inc.; U.S. Risk, Inc.; Dennis Carter Dowd; and, Elgin Allen, Jr. (also collectively referred to as "Insurance Agents"). *See* Plaintiff's Original Petition.

5. On February 16, 2010, Plaintiff served his First Amended Petition on this Defendant. *See* Plaintiff's First Amended Petition. The First Amended Petition dropped all five of the Texas Insurance Agents as Defendants, and added as Defendants Enterprise Rent-A-Car Company of Texas, Enterprise Leasing Company – Southwest and Enterprise Rent-A-Car, Inc. (collectively referred to as the "Enterprise Defendants" and whose successor in interest is EAN Holdings, LLC., a Delaware company). *See id.* The Plaintiff sues the Enterprise Defendants for breach of contract, deceptive trade practices, fraud, conspiracy, and aiding and abetting, claiming that Plaintiff is entitled to UM/UIM coverage even though, months before the rental, the Enterprise insured had rejected UM/UIM coverage in Texas. *See id.*

6. Defendant files this Notice of Removal within 30 days of the service of Plaintiff's First Amended Petition and per 28 U.S.C. §§ 1332(a), 1441(b) and 1446(b).

## II. BASIS FOR REMOVAL

7. Pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), this action is a civil action that is removable to this Court. Complete diversity of citizenship exists between Plaintiff and this Defendant (as the insurer of the Enterprise entities) and Discovery Managers, Ltd. (as the claims adjusting company), and the Enterprise Defendants (whose successor is a Delaware company).

Alternatively, the diversity of the Enterprise Defendants should not be considered since the Enterprise Defendants have been improperly, or fraudulently, joined to destroy diversity.

Furthermore, Defendant has reason to believe the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## III. COMPLETE DIVERSITY

8. Plaintiff is a citizen of the State of Texas.

9. This Defendant is not a citizen of the State of Texas. At all relevant times, including the commencement of this action, Defendant was a corporation formed under the laws of a state other than Texas. Furthermore, Defendant has its home office in the State of Illinois.

10. Defendant Discovery Managers, Ltd. is not a citizen of the State of Texas. At all relevant times, including the commencement of this action, Defendant was a limited company and citizen of the State of Connecticut.

11. At the commencement of this action against Enterprise Rent-A-Car Company, Inc. Enterprise Rent-A-Car Company, Inc. also was a corporation formed under the laws of a state other than Texas.

12. At the commencement of this action against Enterprise Rent-A-Car Company of Texas and Enterprise Leasing Company – Southwest, had a successor in interest, EAN Holdings, LLC, a Delaware company.

13. Alternatively, the citizenship of Enterprise Rent-A-Car Company of Texas and Enterprise Leasing Company – Southwest should be disregarded because the Plaintiff cannot establish a cause of action for recovery against any of the Enterprise Defendants. Accordingly, the Enterprise Defendants were improperly joined and, alternatively, fraudulently joined, and their citizenship should not be considered in determining diversity jurisdiction.

### IV.   IMPROPER JOINDER OR FRAUDULENT JOINDER

14. In paragraph XI of Plaintiff's First Amended Petition, Plaintiff asserts breach of contract, deceptive trade practices, fraud, conspiracy and aiding and abetting against the Enterprise Defendants, alleging the Enterprise Defendants colluded, conspired and cooperated with Discover Property & Casualty Insurance Company to dispute and deny coverage under the UM/UIM provisions of the insurance policy or, alternatively, that the Enterprise Defendants

failed to provide Lisa McGarity Hodges the opportunity to include UM/UIM coverage. *See* Plaintiff's First Amended Petition. The Plaintiff cannot prove his claims and cannot recover under any of his causes of action against the Enterprise Defendants.

15. Furthermore, Plaintiff's complaint fails to specify any fact of the acts and/or omissions of the Enterprise Defendants that support the elements of the causes of action asserted. *See* FED. R. CIV. PROC. 8; *see also, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-556, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1965-66. Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Where the plaintiff fails to allege a plausible claim to relief, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966 (quotation omitted). "[S]omething beyond mere possibility . . . must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* (quotations omitted). The Plaintiff is attempting to destroy diversity by asserting conclusory allegations. Defendant will show:

16. Enterprise Rent-A-Car Company of Texas was the owner of the auto driven by Lisa McGarity Hodges. *See* Exhibit 3, Affidavit of Jennings Goforth at paragraph 4. Enterprise Rent-A-Car Company of Texas was self-insured at the time of the rental and accident. *See id.* and Certificate of Self-Insurance attached thereto.

17. Lisa McGarity Hodges entered into a daily rental agreement with Enterprise Rent-A-Car Company of Texas with a stated out date of June 29, 2009 and return date by July 6, 2009. *See* Exhibit 3, Affidavit of Jennings Goforth and rental agreement. Enterprise Leasing Company – Southwest was a separate legal entity from Enterprise Rent-A-Car Company of Texas and was not involved in the rental of the vehicle to Lisa McGarity Hodges. *See id.*

18. Lisa McGarity Hodges rejected (by initialing her rejection) all optional insurance, including supplemental liability protection, damage waiver and personal accident insurance, as indicated on the daily rental agreement. *See id.* The rental agreement also specifically states the rental car company does not provide UM/UIM coverage through the rental agreement. *See id.* Parties to a contract are presumed to know the contents of the contract. *See In re H.E.Butt Grocery Co.*, 17 S.W.3d 360, 371 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding). The daily rental agreement also specifically states that "The rental car company's employees, agents or endorsees are not qualified to evaluate the adequacy of the renter's existing coverage." *See* Exhibit 3, Affidavit of Jennings Goforth and rental agreement. Again, parties to a contract are presumed to know the contents of the contract. *See In re H.E.Butt Grocery Co.*, 17 S.W.3d at 371.

19. The Enterprise Defendants were insureds under the insurance policy. *See* Exhibit 1, Affidavit of Frieda A. Whitaker, and Exhibit 1B, Insurance Policy. The Enterprise Defendants did not issue the insurance policy in question. The Enterprise insured rejected UM/UIM coverage in Texas months before the rental and accident. *See* Exhibit 1, Affidavit of Frieda A. Whitaker, and Exhibit 1A, UM/UIM Rejection. Texas law allows the insured to reject UM/UIM coverage. *See* TEX. INS. CODE §1952.101(c). Accordingly, the Plaintiff does not have a cause of

198-041
Page 6

action against the Enterprise Defendants with regard to issuing, adjusting and/or denying of Plaintiff's claim.

20. Further, Plaintiff is unable to recover against the Enterprise Defendants for the following reasons:

a. The Plaintiff and Lisa McGarity Hodges were not insureds, policyholders or named beneficiaries under the insurance policy. *See* Exhibit 4, Plaintiff's Admissions Nos. 4-5; Exhibit 1, Affidavit of Frieda A. Whitaker at paragraph 4; and, Exhibit 1B, Insurance Policy at DPCIC 00007 and DPCIC 00016.

b. Five months before the rental and accident, the Enterprise insured expressly rejected UM/UIM coverage in Texas. *See* Exhibit 1, Affidavit of Frieda Whitaker at paragraph 3 and Exhibit 1A, UM/UIM Rejection; *see also* TEX. INS. CODE §1952.101(c) (expressly allows the insured to reject UM/UIM coverage in Texas).

c. Alternatively, Plaintiff conclusorily alleges Enterprise Rent-A-Car Company of Texas provided Lisa McGarity Hodges with a "leased auto", that they were a "lessee", that there was a "lease agreement", that the auto was a "fleet lease vehicle", and that they were "enrollees". Plaintiff fails to cite any facts supporting such allegations.

d. Lisa McGarity Hodges and Enterprise Rent-A-Car Company of Texas were not "enrollees". *See* Exhibit 2, Affidavit of Joanna M. Champagne at paragraph 3. Furthermore, a "leased auto" is defined under the policy as requiring a "lease agreement" with a "lessee" "for a period of not less than six months." *See* Exhibit 1B, Insurance Policy at DPCIC 00060 through DPCIC 00061. Lisa McGarity Hodges entered into a daily rental with a stated out date of June 29, 2009 and return date by July 6, 2009. *See* Exhibit 3, Affidavit of Jennings Goforth and the

rental agreement attached thereto. Lisa McGarity Hodges did not sign or enter into any agreement to lease a vehicle for a period of six months or more. *See id.*

  e.  Enterprise Rent-A-Car Company of Texas was the title owner of the vehicle and not leasing the vehicle from any other entity. *See* Exhibit 3, Affidavit of Jennings Goforth at paragraph 4-7.

  f.  Furthermore, the South Texas Division of Enterprise Rent-A-Car Company of Texas, including the Uvalde branch location, are not part of Enterprise Fleet Services for lease customers of six months or more and do not have a fleet management division for lease customers of six months or more. *See id.* at paragraphs 6-7. Lisa McGarity Hodges and Enterprise Rent-A-Car Company of Texas were not "enrollees" under any Enrollee Supplemental Declarations. *See* Exhibit 2, Affidavit of Joanna M. Champagne.

  21.  The only reason Plaintiff named the Enterprise Defendants in this lawsuit is to destroy diversity jurisdiction. Accordingly, the Enterprise Defendants and their citizenship should not be considered by this Court in determining the existence of diversity jurisdiction in the claims asserted by Plaintiff.

### V.  AMOUNT IN CONTROVERSY

  22.  Defendant has a good faith belief that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. In his Original Petition, Plaintiff did not plead the insurance policy number under which he claimed coverage, did not plead the alleged insurance limits and did not pled the amount of damages for which he seeks recovery. *See* Plaintiff's Original Petition.

  23.  Defendant propounded Interrogatories to Plaintiff asking Plaintiff to specify the limits of UM/UIM coverage that he claims apply, but Plaintiff did not respond. *See* Exhibit 5,

Interrogatory No. 1. Defendant also propounded Requests for Admissions to obtain this information and, in response to the Requests for Admissions, Plaintiff admitted that he did not identify the insurance policy number and admitted that he did not identify the insurance policy limits. *See* Exhibit 4, Plaintiff's Admissions Nos. 6-11 and 31. Furthermore, Plaintiff refused to admit or deny whether he is seeking damages of more or less than $75,000. *See id.* at Nos. 31-36.

24. When Plaintiff served his First Amended Petition on Defendant, Plaintiff again did not plead the alleged insurance limits he is claiming or the amount of damages sought from Defendant. *See* Plaintiff's First Amended Petition.

25. Accordingly, Defendant believes that Plaintiff has not plead or disclosed the limits of coverage he claims apply or the amount of damages he seeks from this Defendant in order to avoid diversity jurisdiction and removal of this case.

## VI. GENERAL PROVISIONS

26. To Defendant's knowledge, Discovery Managers, Ltd. has not been served with process. The Enterprise Defendants do not object to this Defendant's Notice of Removal.

27. Attached are true and correct copies of the following in support of this Notice and incorporates them as if fully set forth herein: **Exhibit 1**: Affidavit of Frieda A. Whitaker; **Exhibit 1A**: Supplementary Commercial Automobile Application–Uninsured/Underinsured Motorist Coverage – Texas; **Exhibit 1B**: Excerpts of the Insurance policy (a complete copy of the policy was produced in the State Court and is attached in Exhibit F; **Exhibit 2**: Affidavit of Joanna M. Champagne; **Exhibit 3**: Affidavit of Jennings Goforth with rental agreement; **Exhibit 4**: Plaintiff's Responses to Defendant's Request for Admissions; **Exhibit 5**: Plaintiff's Responses to Defendant's Interrogatories.

28.     Further, pursuant to 28 U.S.C. §1446(a), true and correct copies of the following State Court filings are provided to the Court: **Exhibit A**: Plaintiff's Original Petition; **Exhibit B**: Defendant's Motion to Transfer Venue, Answer subject to the Motion to Transfer Venue, and Motion to Abate subject to the Motion to Transfer Venue; **Exhibit C**: Plaintiff's Response to Defendant's Motion to Transfer Venue; **Exhibit D**: Plaintiff's First Amended Petition; **Exhibit E**: Defendant's Supplemental Motion to Transfer Venue in Response to Plaintiff's First Amended Petition; **Exhibit F**: Defendant's Reply to Plaintiff's Response to Defendant's Motion to Transfer Venue; **Exhibit G**: Defendant's Objections to and Motion to Strike Affidavit of Plaintiff attached to Plaintiff's Response to Motion to Transfer Venue; and, **Exhibit H**: Notice of Court Hearing for Motion to Transfer Venue.

29.     Pursuant to 28 U.S.C. §1441(a), the case is removed to this United States District Court because the state court in which the action is pending is located within the Western District of Texas, Del Rio Division. Further, upon filing this Notice of Removal, Defendant shall give written notice of the filing of this notice to Plaintiff, as required by 28 U.S.C. § 1446(d). Furthermore, upon filing this Notice of Removal, Defendant will file a copy of this Notice with the Clerk of the 293rd Judicial District Court of Zavala County, Texas, as required by 28 U.S.C. § 1446(d).

## VII.   JURY DEMAND

30.     Plaintiff demanded a jury in the state court action.

## VIII.   CONCLUSION

31.     For the reasons set forth above, Defendant seeks removal of Cause No. 09-10-12082-ZCV filed in the 293rd Judicial District Court of Zavala County, Texas, to the United States District Court for the Western District of Texas, Del Rio Division.

Respectfully submitted,

**O'CONNELL & BENJAMIN, L.L.P.**

By: /s/ Dan Vana
Attorney in Charge
DAN VANA
State Bar No. 20435750
danv@oconben.com
CATHRIN J. MARTINEZ
State Bar No. 24005160
cathrinm@oconben.com

13750 San Pedro, Suite 500
San Antonio, Texas 78232-4375
(210) 824-0009 Telephone
(210) 824-9429 Telecopier

**ATTORNEYS FOR DEFENDANT
DISCOVER PROPERTY & CASUALTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true, full and correct copy of the above and foregoing has, this 26th day of February 2010, been hand delivered to:

John H. Patterson, Jr.
State Bar No. 24027716
Manuel P. Montez
State Bar No. 14286000
Law Offices of Montez & Patterson
1106 W. Hildebrand
San Antonio, Texas 78201

/s/ Dan Vana
Dan Vana